MARCUS WATSON, #Y18453,

   **Plaintiff,**

vs.             Case No. 18–cv–1073–DRH

KEVIN W. KINK,
JOHN DOE,
DOCTOR COE,
WEXFORD HEALTH SERVICES,
INC.,
PATTY THULL, and
JOHN R. BALDWIN,

   **Defendants.**

## MEMORANDUM AND ORDER

**Herndon, District Judge:**

Plaintiff Marcus Watson, a former inmate of Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth and Fourteenth Amendments, among other things. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A,[1] which provides:

---

[1] The Court notes that it is not entirely clear whether Plaintiff was incarcerated at the time this case was filed. It appears that he was, as this case was filed May 7, 2018, and his parole date listed on the Illinois Department of Corrections Offender Search website is May 8, 2018. ILLINOIS DEPARTMENT OF CORRECTIONS, OFFENDER SEARCH, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx. If this is accurate, 28 U.S.C. § 1915A is the appropriate standard. If Plaintiff was not incarcerated when this case was filed,

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: as late

---

which he suggests in an attachment to the Complaint, then 28 U.S.C. § 1915(e)(2) provides the appropriate standard. *See* (Doc. 1-2, p. 1). The Court finds that applying § 1915(e)(2) as opposed to § 1915A would not change the reasoning herein.

as January 28, 2018, Plaintiff submitted request slips to Defendant John Doe, a health care administrator at the prison, "to be seen for consent, appointment, and major surgery" for Plaintiff's ongoing chronic umbilical hernia. (Doc. 1, p. 3). The Tylenol and girdle Plaintiff received from the physician had not been effective for treating his injury. *Id.* John Doe did not respond to Plaintiff's request, despite having prior knowledge of Plaintiff's injury. (Doc. 1, p. 4). Plaintiff continued to submit request slips to John Doe, complaining of complications with physical movement, including getting out of bed and lifting heavy objects. *Id.* He also requested a lower-bunk permit. *Id.* All of his requests were denied, and he "was denied further treatment beyond said ineffective treatment received." *Id.*

Before Plaintiff was admitted into the Illinois Department of Corrections ("IDOC"), the Cook County Medical Unit physician determined that Plaintiff needed surgery to repair his umbilical hernia. *Id.* Plaintiff was scheduled for surgery, but before it was performed, he was reclassified to IDOC. *Id.* Plaintiff's injury was deemed an emergency by former CAO, Nicholas Lamb, after Plaintiff filed an emergency grievance on March 28, 2017 detailing his medical issues. *Id.* Sometime after April 11, 2017, Plaintiff was seen by Dr. Coe, and he repeated to Coe what he told Lamb about his medical issues. *Id.* Coe told Plaintiff that he would be prescribed pain pills and an abdominal binder. *Id.* He also told Plaintiff that there was nothing more they could do for him because "the state does not have money for [him] to be sent to an outside hospital to have surgery." *Id.*

Plaintiff had already been through treatment similar to that which was prescribed by Coe before he was admitted into IDOC custody. (Doc. 1, p. 5). He therefore continued to use the sick call process to seek treatment for his condition, because the treatment Coe gave him was ineffective. *Id.* In response to his requests, Plaintiff was told by health care unit staff that the state did not have funds and that he had already been treated for his issue. *Id.* On March 15, 2018, Plaintiff filed a second emergency grievance, notifying Defendant Kink of his issues. *Id.* Kink classified Plaintiff's situation as a "non-emergency." (Doc. 1, p. 6). Plaintiff has suffered and will continue to suffer in pain. (Doc. 1, p. 7). His pain has been aggravated by the inadequate treatment he has received. *Id.*

Defendants Wexford, Thull, Baldwin, Kink, John Doe, and Coe have colluded to engage in a practice or policy "to deprive Plaintiff, and those similarly situated, of medical treatment in order to decrease the financial burden on the state, through the defendants' actions and/or inactions, done in bad faith." (Doc. 1, pp. 7-9). Baldwin also may have also established said policy, and contracted with Wexford to engage in it. (Doc. 1, p. 9). Defendant Thull "is required to investigate the conduct of the work of the department with which it may be associated." *Id.* Thull neglected these duties after reviewing Plaintiff's grievance on April 10, 2018. (Doc. 1, p. 10). Kink and Baldwin also neglected their duties after they received Plaintiff's grievance. *Id.*

"[T]he individual Defendants, in a meeting of the minds, reached an agreement amongst themselves to become deliberately indifferent to Plaintiff's

medical needs . . . and to thereby deprive Plaintiff of his constitutional rights."

(Doc. 1, p. 13). "Defendants intended to maliciously and willfully cause, and were

in reckless disregard to the probability that their conduct would cause, severe

emotional distress to Plaintiff; said actions, and/or inactions, and conduct did

directly and proximately cause Plaintiff to suffer severe emotional distress." (Doc.

1, p. 16). This emotional distress included "mental and emotional damage and

trauma, humiliation, damage to his personal reputation, loss of liberty, mental

distress, and anguish." *Id.* Plaintiff seeks declaratory and monetary relief. (Doc.

1, p. 19).

## Discussion

Based on the allegations of the Complaint, the Court will consider 6 counts

in this *pro se* action. [2] The parties and the Court will use these designations in all

future pleadings and orders, unless otherwise directed by a judicial officer of this

Court. The designation of these counts does not constitute an opinion regarding

their merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving an umbilical hernia and pain associated therewith in violation of the Eighth Amendment.
>
> **Count 2 –** Defendants conspired to show deliberate indifference to Plaintiff's serious medical need involving an umbilical hernia and pain associated therewith.
>
> **Count 3 –** Defendants violated Plaintiff's due process rights by depriving him of adequate medical treatment, in violation of the

---

[2] In the Complaint, Plaintiff designated seven counts for this action. The Court considered these counts while developing the Counts articulated herein. However, because some of Plaintiff's designated counts were redundant, the Court deviated from them slightly for the sake of efficiency.

Fourteenth Amendment.

**Count 4 –** Defendants intentionally inflicted emotional distress on Plaintiff in violation of Illinois law by depriving Plaintiff of adequate medical care.

**Count 5 –** Illinois law *respondeat superior* claim against Kink, Baldwin, Coe, and Wexford.

**Count 6 –** Illinois law indemnification claim against Baldwin and Wexford.

As discussed in more detail below, Counts 1, 2, 4, 5, and 6 will proceed against certain defendants. Any other intended claim that was not recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Deliberate Indifference

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has sufficiently alleged an objectively serious medical need. As to John Doe, Plaintiff's claims that Doe was aware that Plaintiff was not receiving

effective treatment for his serious medical need but ignored or denied his requests for adequate treatment suggest he was deliberately indifferent toward Plaintiff. Plaintiff's suggestion that Coe denied him effective medical treatment in order to save the state money is also sufficient to state a claim at this stage. Count 1 will therefore proceed against these two medical providers.

With respect to Wexford, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff's allegations suggest that Wexford perpetuated a policy in which inmates are denied adequate care to save the state money. This is sufficient to state a claim for deliberate indifference against Wexford, so Count 1 shall proceed against it. Because Baldwin allegedly established this policy, Count 1 will also proceed against him.

Plaintiff has failed to sufficiently allege deliberate indifference on the part of Thull and Kink. Plaintiff's claims against Thull are largely vague and conclusory. His factual allegations do not suggest that Thull was personally responsible for his medical care, or lack thereof, particularly due to her position as a member of the IDOC Administrative Review Board. It is well established that "[f]or constitutional violations under § 1983 … a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). Further,

7

"[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)). Because Thull does not appear to have been involved in Plaintiff's medical care, and merely processed his appealed grievance, Count 1 will not proceed against her.

For similar reasons, Count 1 will not proceed against Kink. Kink's only apparent connection to Plaintiff's treatment was when he denied emergency review of Plaintiff's grievance and indicated that it should be submitted through the normal grievance procedure. Plaintiff takes issue with this because a previous grievance he submitted was deemed to be an emergency, but the Court will not find Kink liable merely because he did not handle a grievance in the same manner as his predecessor. Because the allegations do not suggest that Kink was personally responsible for the alleged deprivation, Count 1 will not proceed against him.

In sum, Count 1 shall proceed against John Doe, Coe, Wexford, and Baldwin and will be dismissed without prejudice as against Thull and Kink.

### Count 2 – Conspiracy

Civil conspiracy claims are cognizable under § 1983, but they provide no independent basis of liability. *Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983); *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 324

(7th Cir. 2000). However, "[t]here is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). Generally, "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).

Plaintiff's conspiracy claim will proceed against John Doe, Coe, Wexford, and Baldwin, because his allegations suggest there is an ongoing understanding between Wexford and Baldwin to cut costs to the state at the expense of effective medical treatment for inmates. His allegations also suggest that John Doe and Coe are parties to this understanding and carried it out by denying Plaintiff surgery for his injury. Count 2 will therefore proceed against John Doe, Coe, Wexford, and Baldwin. Because conspiracy claims provide no independent basis of liability, and the Court has found that Plaintiff has not adequately pled any claims against Thull and Kink, Count 2 will be dismissed as against them.

### Count 3 – Due Process

Plaintiff attempts to bring a due process claim based on the same facts underpinning his deliberate indifference claim. When a plaintiff brings an action under § 1983 for due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995).

9

Plaintiff has failed to state such a claim here. The Eighth Amendment, not the Fourteenth Amendment, is the appropriate theory for Plaintiff's medical needs claims. Count 3 will therefore be dismissed with prejudice from this action.

### Count 4 – Intentional Infliction of Emotional Distress

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Plaintiff has brought a claim of intentional infliction of emotional distress against the defendants. Under Illinois law, the tort of intentional infliction of emotional distress covers only acts that are truly "outrageous," that is, an "'unwarranted intrusion . . . calculated to cause severe emotional distress to a person of ordinary sensibilities.'" *Knierim v. Izzo*, 174 N.E.2d 157, 164 (Ill. 1961) (quoting *Slocum v. Food Fair Stores of Fla.*, 100 So. 2d 396 (Fla. 1958)). *See Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional

distress.  *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

At this early stage, the Court cannot say that this standard has not been met with respect to John Doe, Coe, Baldwin, and Wexford.  Plaintiff's intentional infliction of emotional distress claim shall therefore proceed against them.  Because of their lack of involvement in the alleged underlying constitutional deprivations, Count 4 will be dismissed as against Thull and Kink.

### Count 5 – Respondeat Superior

Illinois, as a general matter, recognizes the *respondeat superior* doctrine. *See Adames v. Sheahan*, 909 N.E.2d 742, 755 (Ill. 2009); *see also Doe v. City of Chicago*, 360 F.3d 667, 670 (7th Cir. 2004). Under the *respondeat superior* doctrine, an employer may be held liable for the acts of its employees where such acts are committed in the course of employment and in furtherance of the business of the employer.  *See Brown v. King*, 767 N.E.2d 357, 361 (Ill. App. 1st Dist. 2001).  However, "the Eleventh Amendment prohibits a suit in federal court 'in which the State or one of its agencies or departments is named as the defendant.'" *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  This includes "state-law claims brought into federal court under pendent jurisdiction." *Pennhurst State Sch.*, 465 U.S. at 121.  IDOC, as an Illinois state agency, therefore enjoys immunity from suit in federal court. *See Ford v. Lane*, 714 F.Supp. 310, 313 (N.D. Ill. 1989).  Thus, if Plaintiff's state law claims are brought against the State itself, rather than against defendants individually, the claims

must dismissed without prejudice and litigated in the Court of Claims. *See Jinkins v. Lee*, 807 N.E.2d 411, 417, 209 Ill.2d 320, 282 Ill. Dec. 787 (Ill. 2004); 745 ILL. COMP. STAT. 5/1.

Plaintiff has not named IDOC as a defendant in this action. However, "[w]hether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved and the relief sought." *Healy v. Vaupel*, 549 N.E.2d 1240, 1247, 133 Ill.2d 295, 140 Ill. Dec. 368 (Ill. 1990). As it relates to the issues involved, the Illinois Supreme Court has stated that an action is against the State when there are:

> (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State ...

*Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016) (citing *Healy*, 549 N.E.2d at 1247). Notably, "[i]f the plaintiff alleges that state officials or employees violated 'statutory or constitutional law,' '[s]overeign immunity affords no protection.'" *Id.* at 658-59.

The Complaint suggests that Baldwin employed Coe and/or John Doe. Plaintiff also has sufficiently alleged, at least at this stage, that Baldwin violated his constitutional and state law rights. Though Plaintiff's *respondeat superior* claim against Baldwin is not dependent on his alleged constitutional and state law violations, based on recent precedent, the Court will not dismiss him from Count

5 based solely on that fact. *See id.* at 659 (noting that state law claims need not be dependent on the alleged constitutional or statutory violations to qualify for the exception to sovereign immunity) (citing *Fritz v. Johnston*, 807 N.E.2d 461, 467 (2004)). For these reasons, Plaintiff's *respondeat superior* claim against Baldwin will proceed.

As noted herein, Plaintiff has not sufficiently alleged that Kink violated statutory or constitutional law. The *respondeat superior* claim against Kink therefore appears to be based solely on his position with IDOC and is effectively against the State. Accordingly, sovereign immunity shields Kink from *respondeat superior* liability under Count 5. Further, Plaintiff's claims against Coe are based on Coe's actions, not the actions of any employees he may have. For this reason, a *respondeat superior* claim against him is not appropriate. Finally, with respect to Wexford, the Complaint at least suggests that Coe and/or John Doe may be employees of this corporation. For this reason, the Court will not dismiss Plaintiff's *respondeat superior* claim against Wexford at this stage.

In sum, Count 5 shall proceed against Baldwin and Wexford and will be dismissed without prejudice against Kink and Coe.

## Count 6 – Indemnification

Plaintiff seeks to bring an indemnification claim against Wexford and Baldwin. With respect to Baldwin, Plaintiff appears to be seeking to enforce the any obligations of the State under state law to indemnify its employees for any judgment entered against them. *See* 5 ILL. COMP. STAT. 350/2. The "[S]tate's

decision to indemnify its employees does not transform a suit against individual defendants into a suit against the sovereign." *Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775, 779 (7th Cir. 1991). Thus, sovereign immunity does not bar Plaintiff's claim. *See Wright v. Carter*, No. 14 C 9109, 2015 WL 4978688, at *6 (refusing to find that sovereign immunity barred indemnification claim). Plaintiff's indemnification claim shall therefore proceed against Wexford and Baldwin in his official capacity.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Counts 1 2, and 4 against John Doe. However, this defendant must be identified with particularity before service of the Complaint can be made on him. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Kink, the Chief Administrative Officer at Lawrence Correctional Center, was named as a defendant in this action. Though the individual claims against him are being dismissed, Kink will remain in this action, in his official capacity only, and he shall be responsible for responding to discovery (formal or otherwise) aimed at identifying John Doe. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of this defendant is discovered, Plaintiff shall

file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

**Pending Motions**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4) shall be addressed in a separate order of this Court.

Plaintiff has also requested, in an Affidavit attached to the Complaint, that this Court send documents and notifications related to this case to an inmate who helped him prepare his Complaint while he was in prison. (Doc. 1-2, pp. 1-2). While "a prisoner may . . . help another inmate, otherwise unable to help himself, access the courts," Plaintiff is no longer in prison. *See Johnson v. Avery*, 393 U.S. 483, 487 (1969) (invalidating prison regulation prohibiting habeas petitioners from getting assistance from jailhouse lawyer). Thus, if Plaintiff desires to consult with his former jailhouse lawyer about his case, he may do so on his own time. The Court will not provide copies and postage to facilitate such an exchange.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1**, **2**, and **4** shall **PROCEED** against **JOHN DOE, COE, WEXFORD**, and **BALDWIN** and are **DISMISSED** without prejudice as against **THULL** and **KINK** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that **COUNT 5** shall **PROCEED** against **BALDWIN** and **WEXFORD** and is **DISMISSED** without prejudice against **COE** and **KINK**.

**IT IS FURTHER ORDERED** that **COUNT 6** shall **PROCEED** against **BALDWIN** (official capacity only) and **WEXFORD**.

**IT IS FURTHER ORDERED** that **KINK** (individual capacity only) and **THULL** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted. The Court notes that **KINK** remains in this action, in his official capacity only, for the sole purpose of engaging in discovery aimed at identifying John Doe with particularity.

**IT IS FURTHER ORDERED** that as to **COUNTS 1**, **2**, **4**, **5**, and **6** the Clerk of Court shall prepare for **JOHN DOE** (once identified), **COE, WEXFORD**, **BALDWIN**, and **KINK** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work

address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant John Doe until such time as Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to

keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.15
14:26:00 -05'00'

**United States District Judge**